UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SCOTT HUNT, )
  Plaintiff, )
 )
 )
v. ) Case No. 2:05CV1160-M
CITY OF MONTGOMERY, and )
KEVIN J. MURPHY, )
  Defendants ) *Jury Demand*
 )

## COMPLAINT

Comes now Plaintiff Scott Hunt (hereinafter, "Hunt") against the above-captioned defendant, City of Montgomery (hereinafter, "the City") and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Hunt files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly the First Amendment to the United States Constitution and 42 U.S.C.A. § 1983. Jurisdiction is proper in the U.S. District Court as this case involves a federal question. This action is timely filed.

2. The violations of Hunt's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama. The City is a corporation and has a place of business and does business within Montgomery County in the Middle District of Alabama. Venue is thus proper in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391(c).

### PARTIES

3. Hunt, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. Hunt was at all times material hereto an employee of the City.

4. The City is a municipal corporation in Montgomery County, Alabama, a better denomination of which is presently unknown to Hunt, and at all times material hereto was the employer of Hunt.

5. Kevin J. Murphy (hereinafter, "Murphy"), who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama. Murphy is and was an agent or officer of the City, an upstream supervisor of Hunt, and is a person whose conduct proximately caused harm to Hunt.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a declaratory judgment as to Hunt's rights and for a permanent injunction, restraining the City from maintaining a policy, practice, custom or usage of discrimination against Hunt because of his exercise of his First Amendment rights with respect to employment, promotion, compensation, terms, conditions and privileges of employment. The Complaint also seeks restitution to Hunt of all rights, privileges, benefits and income that would have been received by Hunt but for the City's unlawful and discriminatory practices. Further, Hunt seeks compensatory damages for the wrongs alleged herein.

7. Hunt avers that the City denied Hunt his rights under the laws of the United States of America and that such actions by the City were designed to discriminate against him as to employment.

8. Hunt avers that the alleged wrongful actions were designed to prevent him and others

similarly situated from exercising their First Amendment rights.

9. Hunt avers that the actions of the City were intended to specifically violate his rights because of the content of his speech.

11. As a proximate result of the illegal actions alleged above, Hunt has been damaged in that he has been deprived of employment, pay, and opportunity for promotion and pay increases.

12. As a direct and proximate result of the aforesaid acts of the City, Hunt has suffered loss of promotions, elevated status, pay, and benefits, has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

13. Hunt avers that the City acted willfully, knowingly and purposefully with the specific intent to deprive Hunt of his rights as alleged above and to cause Hunt mental anguish and public ridicule and to discriminate against him because of the content of his speech, or that it acted recklessly, wantonly, and in knowing violation of Hunt's substantial rights, knowing that he was substantially certain to suffer as a consequence.

## FACTS

14. Hunt expressly adopts as if fully set forth herein the allegations of each and all of the preceding paragraphs.

15. During all times material hereto, Hunt was a police officer employed by the City for its police force.

16. During the late autumn of 2004, Hunt was the victim of an incident of horseplay during which he was pushed to the ground and relieved of his service sidearm by one or more of a group of African-American police officers.

17. Hunt is a Caucasian male.

18. The African-American police officers were persons whom the administration of the police department wanted terminate for other reasons.

19. The City, by and through Murphy and the police administration, initiated proceedings against the African-American police officers.

20. Hunt was interviewed extensively by the police department's internal affairs investigators.

21. Hunt was called to testify at three hearings into the horseplay incident, two in January, 2005, at the mayoral level and a final one on May 4, 2005, before the City-County Personnel Board.

22. Prior to his testimony before the City-County Personnel Board, Hunt was instructed by certain of his superiors that the administration of the police department wanted the African-American officers off the force. He was advised that "people" were upset with him because he had softened his statements because "he was protecting these thugs."

23. Hunt testified truthfully at all the hearings.

24. Hunt's superiors informed him after he testified before the City-County Personnel Board that the administration of the police department was not happy with the nature of his testimony. He was told that he was no longer trusted, that he could not be "counted on" and that he was "indecisive" and a "pansy."

25. Within a week of the City-County Personnel Board hearing on May 4, 2005, Hunt was involved in a routine use-of-force incident.

26. Within two days of the incident, Murphy preferred charges against Hunt as a result of the incident.

27. Other persons who had not spoken out in a manner contrary to the wishes of Murphy and the City's police administration were not subjected to administrative charges for conduct

similar to, or worse than, that of Hunt.

28. Rather than face what he saw as certain termination, Hunt resigned from the police department of the City.

29. Hunt has been damaged in that he has lost pay and benefits, tenure, and other emoluments of employment and has suffered severe emotional distress and great mental anguish as a result of the conduct of the defendants.

## CAUSES OF ACTION

30. Hunt expressly adopts as to each cause of action as if set forth therein the averments of each of the foregoing paragraphs.

## COUNT I – RETALIATION

31. Hunt spoke on a matter of public concern – misconduct in the City's police department.

32. Hunt's speech was protected First Amendment activity.

33. The defendants, Murphy and the City, took action against Hunt by preferring departmental charges against him for conduct that would not have drawn charges had Hunt not engaged in protected First Amendment activity.

34. There was a causal connection between Hunt's speech and the action taken against him by the defendants.

35. Hunt has been damaged by the conduct of the defendants.

36. Hunt's rights under the First Amendment to the United States Constitution have been violated and such violation is redressable by and through 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Hunt demands judgment for himself and against the City as follows:

a) Hunt prays that the Court will enter a declaratory judgment that the practices

      complained of herein are unlawful and violative of his rights under the First Amendment to the United States Constitution;

b)    Hunt prays that the Court will Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of law that they do not discriminate on the basis of protected speech;

c)    Hunt demands compensatory and punitive damages of Three Hundred Thousand Dollars as to claims cognizable under 42 U.S.C. § 1983;

d)    Hunt prays that the Court will grant him the cost of this action including reasonable attorneys' fees;

e)    Hunt prays that the Court will grant him such equitable relief as may be available under relevant statutes as to which he may be entitled, including back pay, front pay, and reinstatement;

f)    Hunt prays, in the alternative, that he be granted nominal damages and equitable relief;

g)    Hunt prays that the Court will enjoin the City from any further retaliation;

h)    Hunt prays that the Court will grant to him such other, further and different relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the ___6___ day of December, 2005.

                                                                         JAY LEWIS (LEW031)
                                                                         Plaintiff's Attorney

LAW OFFICES OF JAY LEWIS, LLC.
P.O. Box 5059
Montgomery, AL 36103
334-263-7733 (Voice)
334-832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**