UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | |
|---|---|
| SCOTT HUNT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No: 2:05-cv-1160-T |
| v. ) | |
| ) | |
| CITY OF MONTGOMERY and ) | |
| KEVIN J. MURPHY, ) | |
| ) | |
| **Defendants.** ) | |

### MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, CITY OF MONTGOMERY AND K.J. MURPHY

Defendants, City of Montgomery and K.J. Murphy, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, by and through the undersigned attorney, move the Court for summary judgment as the facts and law of this case show that there is no genuine issue as to any material fact and that as moving party it is entitled to judgment as a matter of law. In support of the Motion for Summary Judgment, Defendants submit the following:

PL 1, Complaint;

PL 2, Answer of Defendants;

*Exhibit A* - Defendants' Memorandum of Law in Support of Summary Judgment with the following evidentiary submissions attached thereto:

*DX 1, Affidavit of K.J. Murphy*

*DX 2, Affidavit of M.B. Trotter*

*DX 3, Affidavit of Karen B. Cason*

*DX 4, Affidavit of A.J. Pollard*

*DX 5, Affidavit of D.W. O'Banion*

To be successful on his claim of First Amendment based retaliation, Hunt must prove that his speech was done in his capacity as a citizen rather than in the context of his employment. *Garcetti, et al. v. Ceballos*, 126 S.Ct. 1951, 2006 WL 1458026 (May 30, 2006). There is nothing to support such a claim. It is undisputed that the speech for which Hunt claims protection was in an administrative disciplinary process for the City of Montgomery. Hunt's expressions were made pursuant to his official duties.

Additionally, Hunt cannot prevail on his claim of retaliation by Murphy because Defendants did not engage in any retaliatory action. The individuals that alleged rules violations had no part in the previous disciplinary action. The administrative charges against Hunt were for non-retaliatory reasons. Hunt was treated like any other police officer and cannot prevail on his claim of First Amendment based retaliation. Defendants submit that there is no genuine issue as to any material fact in this case and therefore, Defendants are entitled to judgment as a matter of law on the claim of First Amendment based retaliation.

Any claims against Murphy in his official capacity only are due to be dismissed. When a city official is sued in his official capacity, the suit is simply "another way of pleading an action against the entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Wallace v. City of Montgomery*, 956 F. Supp. 955 (M.D. Ala.1996).

Additionally, Murphy is entitled to qualified immunity for any claims against him in his individual capacity. Qualified immunity is an affirmative defense to an action

pursuant to § 1983 against a government official sued in his or her individual capacity. *See Wilson v. Strong,* 156 F.3d 1131, 1135 (11th Cir.1998).

Finally, for civil rights liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that the municipal official or employee caused the deprivation of one's constitutional rights by acting pursuant to official governmental policy. Therefore Hunt cannot prevail on his claim of First Amendment based retaliation, Hunt has not submitted evidence that any final policymaker of the City acted with an unconstitutional motive. Merely using the words "policy" or "custom" or "unconstitutional" in the allegation is not sufficient to state a claim under 42 U.S.C. § 1983. *See Monnell v. Dept. of Social Services*, 436 U.S. 658 (1978). Hunt has only made conclusory allegations in an effort to try to make the City liable. Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.*Rule 56(c)

Defendants submit that Plaintiff has failed to present substantial evidence from which fair-minded persons could reasonably infer the existence of facts necessary to prove any of Plaintiff's claims. Summary Judgment in favor of Defendants City of Montgomery and K.J. Murphy is proper and all claims against them should be dismissed.

Defendants reserve the right to further supplement their Motion for Summary Judgment.

Respectfully submitted this 21st day of July, 2006.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

OF COUNSEL:

City of Montgomery
City Attorney's Office
P. O. Box 1111
Montgomery, AL 36101-1111
Telephone: (334) 241-2050
Facsimile: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy in the United States mail, postage prepaid and properly addressed or electronic email, on this the 21st day of July, 2006.

    Jay Lewis, Esq.
    *Law Offices of Jay Lewis, LLC*
    Suite 100
    847 S. McDonough
    Montgomery, AL 36104

    /s/ Kimberly O. Fehl
    OF COUNSEL