UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | |
|---|---|
| SCOTT HUNT, | ) |
| Plaintiff, | ) ) ) |
| v. | Case No: 2:05-cv-1160-T ) ) |
| CITY OF MONTGOMERY and KEVIN J. MURPHY, | ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT OF D. W. O'BANION

Before me, the undersigned authority, personally appeared D.W. O'Banion, who is known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is D.W. O'Banion. I am over nineteen years of age. I am employed with the City of Montgomery as a Lieutenant. In May 2005, I was assigned to second shift patrol for the Montgomery Police Department. It is in that capacity that I state the following:

On Friday May 6, 2005, during second shift I was made aware that Officer Scott Hunt responded to a disturbance call that resulted in Hunt macing and arresting a 17 year old female. Later that evening, Sgt. A.J. Pollard and I reviewed Officer Hunt's Aerosol Restraint form and noticed that Officer Hunt had left out pertinent information on the mace form and therefore did not show probable cause to make an arrest of the juvenile. I advised Sgt. Pollard to have Officer Hunt report to me to investigate what actually occurred at the residence. Officer Hunt arrived at headquarters at the end of the shift and Sgt. Pollard and I questioned Officer Hunt about the arrest. I read Officer Hunt's statement to him and advised him to explain in detail what happened at the scene. Following his explanation, I then asked Officer Hunt why he didn't put all this information on his mace form. Officer Hunt replied that he thought that he did not need to. I then

1

DEFENDANT'S EXHIBIT 5

instructed Officer Hunt that he would have to do another mace form on Saturday. I advised Officer Hunt that when he filled out the new form that it should contain all the facts of the case not just the ones he felt should be included on the form. I also informed Officer Hunt that on Saturday he was to go to the youth facility and sign a petition on the juvenile female on the behalf of her mother for Domestic Violence 3rd degree due to the visible physical injury on the victim's neck. I advised Officer Hunt that he should have included all the facts of the case to show probable cause and justification for any action taken by him. I further advised Officer Hunt that it was his responsibility to have signed a petition on behalf of the mother when she refused to prosecute due to the fact that there was visible physical injuries and the corroborating statement made by the mother while at the scene.

I contacted Major Murphy and verbally advised him of the potential procedure and rules violation by Officer Hunt. I submitted a memo prepared by Sgt. Pollard regarding the incident through the chain of command.

I did not give a statement nor participate in any way in the internal affairs investigation of the four officers on second shift patrol that originated in December 2004.

I have read the above and foregoing affidavit consisting of two (2) pages and state that it is true and correct to my present knowledge and information.

_____
D. W. O'Banion

SWORN TO AND SUBSCRIBED before me this 20th day of July, 2006.

_____
Notary Public
My commission expires 2/20/2007

(SEAL)

2