IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SCOTT HUNT,                    )
                               )
     Plaintiff,                )
                               )        CIVIL ACTION NO.
     v.                        )         2:05cv1160-MHT
                               )            (WO)
CITY OF MONTGOMERY,            )
and KEVIN J. MURPHY,           )
                               )
     Defendants.               )


OPINION

     This lawsuit is now before the court on a motion for

summary judgment filed by defendants City of Montgomery

and Kevin J. Murphy.  Summary judgment is appropriate "if

the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a

judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Under Rule 56, the party seeking summary judgment must

first inform the court of the basis for the motion, at

which point the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>see also</u> <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed. R. Civ. P. 56(e).

In this case, the defendants' evidence in support of their motion for summary judgment has gone unopposed by plaintiff Scott Hunt. Because that evidence establishes the absence of a genuine issue of material fact, summary judgment will be granted.

The evidence before the court reflects that Hunt, a police officer employed by the City of Montgomery, was involved in an altercation with fellow officers some time before December 28, 2004, and that over the next ten days

he provided statements to the police department's internal affairs unit investigating that incident. As a result of that investigation, which was initiated by Murphy in his supervisory capacity in the Montgomery Police Department, Hunt was given a ten-day suspension, while four other officers involved were terminated.

Hunt's next encounter with the internal affairs unit occurred in May 2005, after he used mace to subdue a suspect in a domestic disturbance and failed to show probable cause for doing so in an incident report he wrote. Again, Murphy initiated an investigation into the matter. Hunt gave another statement in connection with that investigation on May 31, 2005, and resigned from the police department three days later.

In his complaint, Hunt alleges that the May 2005 investigation by internal affairs was in fact retaliation by the defendants for the statements Hunt made during the December 2004/January 2005 investigation, and that Hunt's freedom of speech rights under the First and Fourteenth

Amendments were violated when the city punished him for those statements.[1] However, the evidence submitted by the defendants reflects that the May 2005 investigation was neither improper nor related to the December 2004/January 2005 investigation, and Hunt has offered no evidence to the contrary.[2]

It is therefore plain that no genuine issue of material fact exists as to the circumstances surrounding Hunt's separation from the Montgomery Police Department. Based on the facts in evidence, neither the city nor

---

1. In fact, Hunt's complaint alleges that the defendants wanted Hunt to speak out more forcefully against his fellow officers during the December 2004/January 2005 investigation, and that they initiated the May 2005 investigation to punish him for not doing so.

2. The defendants also argue that, even if Hunt's allegations as set out in his complaint were true, relief is foreclosed by the U.S. Supreme Court's recent decision in Garcetti v. Ceballos, __ U.S. __, 126 S. Ct. 1951 (2006) (holding that the government does not violate the First Amendment when, in its capacity as employer, it disciplines public employees for statements made in the course of their official duties). The court declines to reach that issue, since the case is easily disposed of through summary judgment on the basis of evidence that Hunt was not, in fact, punished for any statements he made.

Murphy violated Hunt's free-speech rights, and Hunt cannot obtain relief under 42 U.S.C. § 1983. The defendants are accordingly entitled to judgment as a matter of law, and their motion for summary judgment will be granted.

An appropriate judgment will be entered.

DONE, this the 8th day of September, 2006.


       /s/ Myron H. Thompson
     UNITED STATES DISTRICT JUDGE